UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AZIM RAY, | ) |
|       Petitioner, | ) |
|       v. | ) Civ. Action No. 11-2127 (ABJ) |
| U.S. PAROLE COMMISSION *et al.*, | ) |
|       Respondents. | ) |

**MEMORANDUM OPINION**

Petitioner is an inmate at the District of Columbia Jail. In an application for a writ of habeas corpus, petitioner challenges the authority of the United States Parole Commission ("Commission") to issue a detainer against him for a parole violation as an impermissible delegation of authority and, thus, a violation of the separation of powers doctrine. *See* Pet. at 5. "A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue [a show cause] order . . ., unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Since the Commission lawfully maintains jurisdiction over District of Columbia parolees or supervisees until the expiration of their sentences, the separation of powers doctrine is inapplicable. Thus, the court, finding no grounds to issue the writ, will deny the petition and dismiss the case.

**BACKGROUND**

Petitioner is challenging his custody based on a sentence imposed by the Superior Court of the District of Columbia in October 2007 of twelve months' incarceration and five years' supervised release. *See* Pet. at 2, 6. The relevant facts are as follows. Petitioner states that on April 28, 2009, he was released presumably to serve the supervised release portion of the

sentence, but was rearrested on May 21, 2009, "for PWID [possession with intent to distribute] heroin and no permit[.]" *Id*. at 6. Petitioner was released "on his own personal recognizance, pending a hearing on July 22nd 2009." *Id*. Meanwhile, the Commission issued a warrant on June 15, 2009, presumably based on petitioner's violation of the terms of his supervised release. *Id*. According to petitioner, "[t]here was no probable cause hearing . . . conducted in a judicial court and [he] was not taken before a prison [sic] probable cause." *Id*. "Petitioner was then rearrested in Virginia for PWID heroin and resisting arrest on January 24, 2010, whereas he was held without [] bond because of the U.S. Marshal's detainer." *Id*. at 7. Petitioner states that he pled guilty to the Virginia charges and "was writted [sic] back to the District of Columbia to face pending charge [sic] and parole violation." *Id*. On February 10, 2011, the Superior Court sentenced petitioner to a prison term of six months for a "probation" violation and set trial dates for another case. *Id*. Before the trial, however, petitioner "was removed to Rivers Correctional Institution on May 6, 2011, to serve [the six-month sentence]." *Id*. On August 3, 2011, "before the petitioner was to be release[d], a detainer [had been] lodged against him on May 19, 2011, by the U.S. Marshal Services [sic] in the Eastern District of North Carolina for a parole violation." *Id*.

Petitioner filed the instant habeas petition on November 28, 2011. In Ground One, he claims that "his post-supervision term was impermissibly delegated to the U.S. Parole Commission[;] [thus,] the execution of a U.S. Marshal Services' warrant and the lodging of a parole detainer" was in violation of the Constitution. *Id*. at 5. In Ground Two, petitioner challenges the Commission's "judicial power to conduct any probable cause or revocation hearing against him at the D.C. Jail . . . as to revoke his liberty interest, because it is the sole duty for a magistrate judge to conduct a probable cause hearing in the Superior Court . . . ." *Id*. In

Ground Three, petitioner challenges D.C. Code §§ 24-131, 133, 406, authorizing the Commission's supervision over D.C. parolees and supervisees. *Id*.

## DISCUSSION

The extraordinary remedy of habeas corpus is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's invocation of the separation of powers doctrine mistakes the role of the paroling authority.

The Commission has had jurisdiction over parole matters of District of Columbia felons since August 1998. D.C. Code § 24-1231 (now § 24-131); *see Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998). It is empowered to grant, deny, or revoke a District of Columbia offender's parole and to impose or modify his parole conditions. D.C. Code § 24-131(a). The Commission does not usurp a judicial function when, as here, it acts "pursuant to the parole laws and regulations of the District of Columbia," D.C. Code § 24-131(c), because "parole revocation is not the continuation of a criminal trial but a separate administrative proceeding," *Maddox v. Elzie,* 238 F.3d 437, 445 (D.C. Cir. 2001), pertaining to the execution of an imposed sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence," which includes "as an administrative matter" calculating jail-time credit); *Smallwood v. U.S. Parole Com'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011) ("The [Commission] exercises no judicial function, and its decisions do not violate the separation of powers doctrine.") (citing cases); *see also Hardy v. United States*, 578 A.2d 178, 181 (D.C. 1990) ("jeopardy does not attach in probation or parole revocation proceedings because they are

not new criminal prosecutions but rather continuations of the original prosecutions which resulted in probation or parole.") (citing Fifth, Sixth and Eighth circuit cases).

Since the Commission was well within its authority to issue a detainer against petitioner for violating the terms of his supervised release, no basis exists for issuing the writ. Accordingly, the application for a writ of habeas corpus is denied. A separate final order accompanies this Memorandum Opinion.

.

_____s/_____
AMY BERMAN JACKSON
United States District Judge

DATE: January 26, 2012